**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CINDY M. DABNER, | DOCKET NUMBERS |
| Appellant, | CH-0752-18-0572-I-1 |
| | CH-1221-19-0175-W-1 |
| v. | |
| ENVIRONMENTAL PROTECTION | |
| AGENCY, | DATE: May 1, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chungsoo J. Lee, Feasterville, Pennsylvania, for the appellant.

Debra K. Smith, Esquire, and Leora Tyree, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision affirming her removal and a petition for review of the initial decision dismissing her individual right of action (IRA) appeal for lack of jurisdiction.  We JOIN the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appeals under 5 C.F.R. § 1201.36(b) because doing so will expedite processing without adversely affecting the interests of the parties. For the reasons set forth below, the appellant's petitions for review are DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2     On September 10, 2018, the appellant filed an appeal of her removal with the Board's Central Regional Office. *Dabner v. Environmental Protection Agency*, MSPB Docket No. CH-0752-18-0572-I-1, Appeal File (I-1 AF), Tab 1. On January 29, 2019, during the pendency of her removal appeal, the appellant filed an IRA appeal with the Central Regional Office. *Dabner v. Environmental Protection Agency*, MSPB Docket No. CH-1221-19-0175-W-1, Appeal File (W-1 AF), Tab 1. The appellant registered as an e-filer in both appeals. I-1 AF, Tab 1 at 2; W-1 AF, Tab 1 at 2.

¶3     After the records closed, on May 13, 2019, the administrative judge issued initial decisions in both appeals. I-1 AF, Tab 70, Initial Decision (I-1 ID); W-1 AF, Tab 29, Initial Decision (W-1 ID). She affirmed the agency's removal action on the merits, I-1 ID at 1, 71, and she dismissed the IRA appeal for lack of jurisdiction, W-1 ID at 1-2, 25. The initial decisions notified the appellant of her appeal rights, including her right to file a petition for review with the Board. I-1 ID at 71-79; W-1 ID at 26-33. Each initial decision also notified the appellant that, unless she received the decision more than 5 days after it was issued, the deadline for filing a petition for review would be June 17, 2019. I-1 ID at 71; W-1 ID at 26. The initial decisions were served electronically on both the appellant and her representative the day they were issued. I-1 AF, Tab 71; W-1 AF, Tab 30.

¶4     On June 18, 2019, at 12:57 a.m. Eastern Time, the appellant filed a petition for review of the initial decision in the removal appeal. *Dabner v. Environmental Protection Agency*, MSPB Docket No. CH-0752-18-0572-I-1, Petition for Review

File (I-1 PFR File), Tab 1 at 2, Tab 2 at 5. Later on June 18, 2019, at 12:59 a.m. Eastern Time, the appellant filed a petition for review of the initial decision in the IRA appeal. *Dabner v. Environmental Protection Agency*, MSPB Docket No. CH-1221-19-0175-W-1, Petition for Review File (W-1 PFR File), Tab 1.

¶5    The Clerk of the Board notified the appellant that her petitions appeared to be untimely filed and directed her to show good cause for the delay. I-1 PFR File, Tab 1 at 2; W-1 PFR File, Tab 1 at 3. The appellant merely responded "Eastern standard time v. Central" and "East v central time" respectively.[2] I-1 PFR File, Tab 1 at 2; W-1 PFR File, Tab 1 at 4. The Clerk of the Board then notified the appellant of the applicable regulation, which states that "[a]ll pleadings filed via e-Appeal Online are time stamped with Eastern Time, but the timeliness of a pleading will be determined based on the time zone from which the pleading was submitted." I-1 PFR File, Tab 1 at 2; 5 C.F.R. § 1201.14(m). The appellant subsequently explained, in the context of her removal appeal, that:

> [T]he original PFR was submitted from Philadelphia on June 18, 2019 at 12:57 AM, EST; thus the time stamp is one hour ahead of the Central Time, where the Board's Central Regional Office is located and to which this appeal belongs. The original PFR was time stamped on the Eastern Standard Time which is one hour ahead of the Central Standard Time, which is controlling.

I-1 PFR File, Tab 2 at 5. The agency has responded to the petitions for review, opposing them on both timeliness and substantive grounds. I-1 PFR File, Tab 4; W-1 PFR File, Tab 3.

## ANALYSIS

¶6    A petition for review must be filed within 35 days after the initial decision is issued or, if the appellant shows that she received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Williams v.*

---

[2] We take official notice that Daylight Saving Time rather than Standard Time was in effect on the dates in question. *See* 5 C.F.R. § 1201.64.

*Office of Personnel Management*, [109 M.S.P.R. 237](), ¶ 7 (2008); [5 C.F.R. § 1201.114]()(e).

¶7        In this case, we find the petitions for review were untimely filed.  The appellant is a registered e-filer, and the initial decisions were served on her and her representative electronically on May 13, 2019—the date that they were issued.  I-1 AF, Tab 1 at 2, Tab 71; W-1 AF, Tab 1 at 2, Tab 30; *see* [5 C.F.R. § 1201.4]()(i)-(n).  Therefore, the filing deadline was June 17, 2019.  *See* [5 C.F.R. § 1201.114]()(e) (setting forth a 35-day deadline for filing a petition for review).  As indicated by the time stamps, the appellant filed her petitions for review on June 18, 2019.  I-1 PFR File, Tab 1 at 2, Tab 2 at 5; W-1 PFR File, Tab 1; *see* [5 C.F.R. § 1201.4](*l*) ("The date of filing by e-filing is the date of electronic submission.").  Under the Board's regulations, the time stamp might not be controlling if the petitions were filed from outside the Eastern time zone.  [5 C.F.R. § 1201.14]()(m).  However, the petitions for review in this case were filed from Philadelphia, Pennsylvania, which is within the Eastern time zone.  I-1 PFR File, Tab 2 at 5; *see* [5 C.F.R. § 1201.64]().  Although the appeals originated outside the Eastern time zone at the Board's Central Regional Office in Chicago, Illinois, this fact is immaterial under the Board's regulations.[3]  Because the petitions for review were filed after midnight on June 18, 2018, based on the location from which they were submitted, we find that they were both untimely by approximately 1 hour.

¶8        The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the filing delay.  *Lawson v. Department of Homeland Security*, [102 M.S.P.R. 185](), ¶ 5 (2006); [5 C.F.R. §§ 1201.12](), 1201.114(g).  To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of her case.

---

[3] Even if the location of the office receiving the filing were material, a petition for review of an initial decision is filed with the Clerk of the Board, located in the Eastern time zone at the Board's Washington, D.C. Headquarters.  [5 C.F.R. § 1201.114]()(d).

*Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9   In this case, the length of the filing delay was minimal, approximately 1 hour in each case. *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (finding a 3½-hour filing delay to be minimal). However, the Board has consistently denied a waiver of its filing deadline in cases where the delay is minimal and a good reason for the delay is not shown. *Id.* The apparent cause of the delay was that the appellant's experienced non-attorney representative misunderstood the Board's regulations. However, a representative's miscalculation of the filing deadline generally does not constitute good cause for a filing delay. *Day v. Department of Housing and Urban Development*, 50 M.S.P.R. 680, 682 n.2 (1991), *aff'd*, 975 F.2d 870 (Fed. Cir. 1992) (Table). The regulation at issue in 5 C.F.R. § 1201.14(m) is clear on its face, and the appellant is responsible for her representative's failure to understand it. *See McBurnett v. Department of the Army*, 37 M.S.P.R. 395, 397 (1988); *cf. Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581-84 (Fed. Cir. 1994) (finding good cause to excuse a 2-day filing delay that was caused by the pro se appellant's reasonable misunderstanding of ambiguous filing instructions).

¶10   Accordingly, we dismiss the petitions for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petitions for review. The initial decisions remain the final decisions of the Board regarding IRA jurisdiction and the removal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.